UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ELI AIZENMAN on behalf of himself and
all other similarly situated consumers

                                    Plaintiff,

        -against-

COLLECTCO, INC.
D/B/A EOS CCA

                                    Defendant.

_____

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   SEP 0 7 2012   ★

LONG ISLAND OFFICE

# CV-12 4489

## JOHNSON, J.
## AZRACK, M.

**SUMMONS ISSUED**

### CLASS ACTION COMPLAINT

#### *Introduction*

1.  Plaintiff Eli Aizenman seeks redress for the illegal practices of Collectco, Inc. d/b/a EOS

    CCA in which it unlawfully engaged in the collection of consumer debts in violation of

    the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the

    FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

    debt purportedly owed to AT&T Mobility.

5.  Upon information and belief, Defendant's principal place of business is located within

    Norwell, Massachusetts.

-1-

6.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Eli Aizenman

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about May 22, 2012, a representative of EOS CCA left a message with a third party.

12. The representative asked the third party to give the Plaintiff a message that he call back EOS CCA.

    While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. See e.g. Carman v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). (It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left

with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).),

Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept.

18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and West v. Nationwide

Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a

debtor's neighbor that the defendant had a "very important" matter to address was

"regarding a debt" because the content of the phone call was "with respect to" the

Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message

that "advised the debtor that the matter required immediate attention, and provided a

specific number to call to discuss the matter" was a communication under the FDCPA

"given that the obvious purpose of the message was to provide the debtor with enough

information to entice a return call. The court noted "Were this Court to determine that

[the debt collectors] Messages did not constitute communications "regarding [Plaintiff's]

debt", the Court would be creating an exception to swallow the rule. Under such an

exception, debt collectors would be able to abuse and harass consumers with phone calls

and other forms of correspondence so long as there is no express mention of the

consumers' debts. The court also found: **"A message left by a debt collector which**

**does not state that it pertains to a financial matter could reasonably pertain to a**

**host of issues - including family or medical matters - which may be viewed by a**

**consumer as much more pressing than a debt owed. The apparent purpose of these**

**messages is to be vague enough to provoke the recipient to return the calls in haste.**

**Leaving a message that deceptively entices a consumer to communicate with a debt**

**collector when he is caught off guard is precisely the kind of abuse the FDCPA**

**intended to prevent."**) (emphasis added),  See <u>Krapf v. Collectors Training Institute of</u> <u>Illinois, Inc,</u> (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § § 1692(b), 1692(c)(b), and 1692(d).), <u>West v. Nationwide Credit, Inc.,</u> 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).), <u>Romano v. Williams & Fudge, Inc.,</u> (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).), <u>Thomas v. Consumer Adjustment Co., Inc.,</u> (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.), <u>Blair v. Sherman</u> <u>Acquisition,</u> (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must

be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b).), Mathis v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.) (Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).)

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40

-5-

COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT

COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 -

Dist. Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v.

Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit,

998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the

word "communication," similar to that advanced by NCO in this case. The Plaintiff in

West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor.

Defendants argued that a debt collector's phone call informing a neighbor that he had a

"very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no

information was actually conveyed about Plaintiffs debt. The West court rejected this

narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at

644. In reaching this conclusion, the West court noted that "[i]n interpreting the

meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language

controls its construction,'" and went on to examine the dictionary definitions of

"regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608,

610 (1st Cir.1995).) In particular, the court noted: "Webster's Ninth New Collegiate

Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it

provides the following definition of the term `regarding': `with respect to: concerning.'"

*Id.* "Based on these definitions, the court believes the ordinary meaning of the term

`regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This

conclusion has been embraced by other courts as well in the context of applying §

1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's

-6-

argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the 15 U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt collector may not communicate with a third party "in connection with the collection of

any debt" except to obtain location information as provided in § 1692(b). To violate 15

U.S.C. § 1692(b), the third party communication need only be "in connection with the

collection of a debt;" it need not expressly mention the debt or debt collection as

"communication" includes conveying information about a debt "indirectly." 15 U.S.C. §

1692a(2).), Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002).

(FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist.

LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642

(W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant

had a "very important" matter to address was "regarding a debt" because the content of

the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's

alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

(Finding that the messages left by the Defendant constituted "communications" even

though they did not technically mention any information about the debt and stated a

claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining

location information which is the only permissible communication with third parties

under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45

(W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist.

LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the

message was a communication under the FDCPA even though it was not disclosed that

it came from a debt collector where the name of the company was referenced, directions

to return the call were given, and the purpose of the message was to induce the debtor to

return the call.) Shand-Pistilli v Professional Account Servs., Inc., 2010 WL 2978029

(E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010.) (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"), Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so.), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt.), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.), Shaver v. Trauner,

97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss), Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

13.    Said message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d for leaving a message with a third party.

14.    On many occasions within this past year, Plaintiff spoke to representatives from EOS CCA, and attempted to dispute the debt over the phone.

15.    Defendant informed the Plaintiff that he could not dispute the debt over the phone, but

       rather, he must put his dispute in writing, and that there has to be some kind of a basis

       for the dispute.

16.    Furthermore, not only did the Defendant threaten the "failure to communicate that the

       disputed debt is disputed" in violation of §1692e(5), but the Defendant also falsely

       threatened the Plaintiff that if he does not pay the account, they would report the account

       to major credit bureaus, when in fact the Defendant had no intention of doing so.

       The FDCPA does not require the consumer to provide any reason at all in order

       to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002);

       Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer

       is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason

       at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23,

       2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt

       is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310

       (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill.

       May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v.

       Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that

       proof of payment required for dispute).

       The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery

       Company, Inc., 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period

       for disputing a debt. A consumer can always dispute a debt with a debt collector,

       regardless of the passage of time. Credit reporting constitutes an attempt to collect a

debt.), See, e.g., <u>Rivera v. Bank One.</u>, 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), <u>Matter of Sommersdorf.</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See. <u>Rosado v. Taylor.</u>, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer.), See. <u>Register v. Reiner, Reiner & Bendett, P.C.</u>, 488 F.Supp.2d 143 (D.Conn. 2007), <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>, 464 F.Supp.2d 720 (N.D. Ohio 2006), <u>Baez v. Wagner & Hunt, P.A.</u>, 442 F.Supp.2d 1273 (S.D.Fla. 2006), <u>Turner v. Shenandoah Legal Group, P.C.</u>, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), <u>Vega v. Credit Bureau Enters.</u>, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), <u>Nasca v. GC Servs. Ltd. P'ship.</u> No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), <u>In re Risk Mgmt. Alternatives, Inc.</u>, Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), <u>Sambor v. Omnia Credit Servs.</u>, Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), <u>Sanchez v. Robert E. Weiss, Inc.</u>, 173 F.Supp.2d 1029 (N.D. Cal. 2001), <u>Castro v. ARS Nat'l Servs., Inc.</u>, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y.

Mar. 8, 2000), <u>Ong v. Am. Collections Enter.</u>, No. 98-CV-5117, 1999 WL 51816

(E.D.N.Y. Jan. 15, 1999), <u>Reed v. Smith, Smith & Smith,</u> No. Civ. A. 93-956, 1995 WL

907764 (<u>M.D.La.</u> Feb. 8, 1995), <u>Harvey v. United Adjusters,</u> 509 F.Supp.1218 (D.Or.

1981), <u>Semper v. JBC Legal Group,</u> 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005).

(Collector's must communicate that a debt is disputed. The FDCPA does not give debt

collectors the authority to determine unilaterally whether a dispute has merit.), <u>Purnell v.</u>

<u>Arrow Fin. Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828</u> ( E.D. Mich.

<u>Feb. 2, 2007).</u> (The court stated "Congress has identified as harmful the failure to report

a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress

did not distinguish between communications that were intended and knowing as

opposed to unintended and automatic. Indeed, the "directly or indirectly" language of

Section 1692a(2) suggests that Congress saw no difference between the two. From the

perspective of a consumer disputing a debt, it similarly matters not how it is that a

dispute marker is lost. The harm inheres in the simple fact that information about an

apparently undisputed debt in that person's name exists in the credit reporting industry,

which can have untold negative consequences for people who engage in commerce."),

<u>Hoffman v. Partners in Collections, Inc.,</u> 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept.

13, 1993). (The court held that the FDCPA did not require that the consumer notify the

agency of his basis for disputing the debt, or that any stated reason for the dispute had to

be one that would relieve the consumer of any part of the liability for the debt. The

complaint alleged that the consumer notified the collection agency that the debt was

disputed and that the agency did not cease collection of the debt until it obtained

-13-

verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. §
1692g(b). The court also held that the complaint sufficiently alleged a violation of 15
U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit
agencies without disclosing that it had been disputed. The court noted that " There is no
requirement that any dispute be "valid" for this statute to apply; only that there be a
dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. §
1692e(8) for failure to communicate that a disputed debt is disputed.)

17. Upon information and belief, EOS CCA and its employees as a matter of procedural
practice and pattern never intend to follow through with the validation rights they
purportedly provide in the initial communication.

18. Upon information and belief, EOS CCA and its employees when receiving written
disputes as a matter of procedural practice and pattern do not provide verification of
debts since they maintain all disputes in writing must be submitted with a valid reason.

19. Upon information and belief, EOS CCA and its employees intentionally denied the
Plaintiff his dispute rights afforded to him under the FDCPA.

20. Upon information and belief, EOS CCA and its employees wrongfully stated to the
Plaintiff that he could not orally dispute the debt with the EOS CCA.

21. Upon information and belief, EOS CCA and its employees wrongfully stated to the
Plaintiff that he could only dispute a debt in writing.

22. Upon information and belief, EOS CCA and its employees wrongfully stated to the
Plaintiff that he must have a reason to dispute a debt.

23. Upon information and belief, EOS CCA and its employees by intentionally denying the

-14-

Plaintiff and any other debtor to dispute the debt orally and without a valid reason, unfairly intimidate and force debtors in to paying disputed debts.

24. Upon information and belief, EOS CCA and its employees threatened the Plaintiff on numerous occasions that they would report the account to major credit bureaus.

25. The EOS CCA employees who spoke with Eli Aizenman intended to speak the said words to the Plaintiff.

26. The acts and omissions of EOS CCA and its employees done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

27. Upon information and belief, EOS CCA and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

28. As an actual and proximate result of the acts and omissions of EOS CCA and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

29. On or about April 24, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

30. Defendant threatened serious adverse consequences in the said collection letter, specifically stating: "Your account is currently in a pre-reporting status which means it has not yet been reported to the major credit bureaus. Please contact us upon receipt of

this notice to discuss your options or remit the outstanding amount in full to avoid adverse reporting by any future collection agency assigned by our client to report this account to the major credit bureaus."

31. Upon information and belief, Defendant did not intend to report Plaintiff's account to the major credit bureaus.

32. The Defendant's said statement that it would report the account to the major credit bureaus was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

33. The Defendant's said statement was therefore a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, §1692e(5).

34. The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

35. Said April 24, 2012 letter also includes a $121.57 collection fee.

36. The representation that 18% collection fees are owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(5).

   Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of

collection and not, as attempted here, to unlawfully ''permit[ ] a third-party purchaser of an account to recover its internal costs.''), See also. <u>Shami v. National Enter.</u> Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language ''You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.'')

37.  Said letter violates 15 U.S.C. § 1692(e), 1692(f) and 1692(g) for attempting to collect prohibited 18% collection fees.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

38.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

39.  This cause of action is brought on behalf of Plaintiff and the members of four classes.

40.  Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment

-17-

of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (b) the Plaintiff asserts that the telephone message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d.

41.   Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; and the Defendant denied the Plaintiff the right to dispute the debt orally and required the Plaintiff to provide a valid reason to dispute.

42.   Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages and collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; and the Defendant made false threats of credit reporting in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

43.   Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint concerning AT&T Mobility; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(5).

44.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

-18-

(a)     Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages and collection letters, (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

-20-

Dated: Cedarhurst, New York
September 4, 2012

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-21-

# EOS CCA

EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

April 24, 2012

**Office Hours:**

| | | |
|---|---|---|
| Monday - Thursday: | 8:00 AM - 9:00 PM | ET |
| Friday: | 8:00 AM - 5:00 PM | ET |
| Saturday: | 8:00 AM - 12:00 PM | ET |

Toll Free : **1-877-857-9755**
Phone Number: **1-781-681-4300**

## NOTICE OF COLLECTION PLACEMENT

**RE:**
Your Account with our Client: **AT&T MOBILITY**
Client Reference #: 287238266989
Agency Account #: **51075298**
Original Creditor, if different from Client:

| | | |
|---|---|---|
| Principal: | $ | 675.40 |
| Interest: | $ | 0.00 |
| Fees/Coll Costs: | $ | 121.57 |
| Other Accounts: | $ | 0.00 |
| **Total Due:** | **$** | **796.97** |

**AT&T MOBILITY** has placed your account with us for collection. This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt. If you dispute this debt, please see the reverse side of this notice for important rights.

If mailing your payment, please detach the coupon below and include with your payment in the enclosed envelope. Please complete the reverse side of the coupon if you wish to pay your bill with your credit card by mail.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Your account is currently in a pre-reporting status which means it has not yet been reported to the major credit bureaus. Please contact us upon receipt of this notice to discuss your options or remit the outstanding amount in full to avoid adverse reporting by any future collection agency assigned by our client to report this account to the major credit bureaus.

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.

If you feel you are or have been a victim of Theft of Identity, please call AT&T at 877-844-5584.

## PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS

DEF-51075298-1-042412-314-05561-28        ✂ Detach Bottom Portion And Return With Payment  ✂

EOS CCA
PO BOX 296
NORWELL, MA 02061-0296
FORWARD SERVICE REQUESTED

| Account # : 51075298 | Client Reference # : 287238266989 | Total Due : $796.97 |
|---|---|---|
| Client : **AT&T MOBILITY** | | |

PERSONAL & CONFIDENTIAL
DEF-51075298-1-042412-314-05561-28

***********AUTO**MIXED AADC 530
ELI AIZENMAM
1572 MASSACHUSETTS AVE APT 26
CAMBRIDGE MA 02138-2911

MAIL ALL PAYMENTS AND CORRESPONDENCE TO:

EOS CCA
PO BOX 5012
NORWELL, MA 02061-5012

## FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

## STATE LAW

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

## PHONE OR WEB PAYMENT

To make an automated payment via your touch tone phone, please call 877-365-9900, or to make a secure on-line payment via the web, please visit eoscca.solvemydebt.com. When prompted, please enter your account number and security code as provided below. Please retain this information for future payments as another reminder letter will not be issued.

Account Number: **51075298**                    Security Code: **266989**

If you wish to pay by VISA or MasterCard, fill in the information below and return.

Credit Card Number                    Check One:    ☐ VISA    ☐ MasterCard

| | | | | | - | | | | | - | | | | | - | | | | |

Payment Amount:                    Expiration Date:

Card Holder Name          Signature of Card Holder          Date