UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI AIZENMAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 1:12-cv-04489-SJ-JMA |
| : | |
| COLLECTO, INC. D/B/A : | |
| EOS CCA, : | **ANSWER** |
| : | |
| Defendant. : | |
| : | |

   The defendant, Collecto, Inc. d/b/a EOS CCA, by and through the undersigned counsel, for its Answer to Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

   1. Admits that plaintiff purports to seek redress under the FDCPA, denies liability thereunder and otherwise denies the allegations of this Paragraph 1.

   2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore leaves the plaintiff to his proof.

   3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 3 and therefore leaves the plaintiff to his proof.

   4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 4 and therefore leaves the plaintiff to his proof.

   5. Admits.

6. Admits, but denies knowledge and information as to whether defendant so acted with respect to the plaintiff.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 7 and therefore leaves the plaintiff to his proof.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 8 and therefore leaves the plaintiff to his proof.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and therefore leaves the plaintiff to his proof.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 10 and therefore leaves the plaintiff to his proof.

11. Denies.

12. To the extent this paragraph contains citations and legal argument, no response is required. To the extent a response is required, denies that this Paragraph correctly or completely sets forth controlling law and otherwise denies the allegations of this Paragraph 12.

13. Denies.

14. Denies.

15. Denies.

16. To the extent this paragraph contains citations and legal argument, no response is required. To the extent a response is required, denies that this Paragraph correctly or completely sets forth controlling law and otherwise denies the allegations of this Paragraph 16.

17. Denies.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

24. Denies.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 25 and therefore leaves the plaintiff to his proof.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 26 and therefore leaves the plaintiff to his proof.

27. Denies.

28. Denies.

29. Admits that defendant sent the plaintiff a letter dated April 24, 2012, and otherwise knowledge or information sufficient to form a belief as to the truth

of the allegations of this Paragraph 29 and therefore leaves the plaintiff to his proof.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Denies as stated and refers to the letter for the content thereof.

36. To the extent this paragraph contains citations and legal argument, no response is required. To the extent a response is required, denies that this Paragraph correctly or completely sets forth controlling law and otherwise denies the allegations of this Paragraph 36.

37. Denies.

38. Defendant repeats and re-alleges the answers to Paragraph 1 through 37 of the Complaint as its answer to this Paragraph 38 as though fully set forth herein.

39. Admits that this paragraph purports to be brought on behalf of four classes but denies that class treatment is appropriate.

40. Admits that this paragraph purports to define a class but denies that class definition and class treatment are appropriate.

41. Admits that this paragraph purports to define a class but denies that class definition and class treatment are appropriate.

42. Admits that this paragraph purports to define a class but denies that class definition and class treatment are appropriate.

43. Admits that this paragraph purports to define a class but denies that class definition and class treatment are appropriate.

44. Denies.

45. Denies.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 46 and therefore leaves the plaintiff to his proof.

47. To the extent this Paragraph 47 asserts a mere legal conclusion, no response is required.

48. Denies.

49. Denies.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred to the extent that it was commenced after the running of any applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation of the FDCPA was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, the defendant requests that the plaintiff's Complaint be dismissed with prejudice and the court grant defendant such other relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

Date: November 7, 2012                THE DEFENDANT
                                      COLLECTO, INC.


                                      By:_____/s/_____
                                         Jonathan D. Elliot

                                            Zeldes, Needle & Cooper, P.C.
                                            1000 Lafayette Boulevard
                                            Bridgeport, CT  06604
                                            Tel:   203-333-9441
                                            Fax:   203-333-1489
                                            E-Mail:  jelliot@znclaw.com

                                      Its Attorneys

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 7, 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

                     /s/
                   Jonathan D. Elliot